IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| WANDA WRIGHT,<br>next friend of A.H. and S.S.,<br><br>        Plaintiff,<br><br>vs.<br><br>OELWEIN COMMUNITY SCHOOL<br>DISTRICT,<br><br>        Defendant. | No. C15-2056-LTS<br><br>**ORDER** |

## I. INTRODUCTION

This matter is before the court pursuant to a motion by plaintiff, Wanda Wright (plaintiff), for a protective order. Doc. 36. Plaintiff requests the court enter an order quashing defendant's, Oelwein Community School District (the School District), request for production of Department of Human Services (DHS) records pertaining to her minor children, A.H. and S.S. The School District resists, asserting that plaintiff failed to comply with various provisions of the Federal Rules of Civil Procedure and Local Rules and arguing that the records "may be relevant to determining whether the grandmother was a 'parent' within the meaning of applicable statutory and regulatory enactments." Doc. 37. On May 27, 2016, the court held a telephonic hearing on plaintiff's motion.

1

For the reasons stated below, the court **grants** plaintiff's motion.

## II. BACKGROUND

This case involves a claim by plaintiff that the School District failed to provide her minor, disabled children, A.H. and S.S., with appropriate educational opportunities, such as speech, transportation services, and the services of a one-on-one paraprofessional, and by excluding their grandmother from the education "team." Doc. 4. On January 12, 2016, the School District served plaintiff with requests for production of documents, including: "All documents related to any legal proceedings regarding AH and SS, including but not limited to guardianships, conservatorships, child support, juvenile records, DHS and criminal records." Doc. 36, at 6. At the hearing, plaintiff's counsel indicated that he did not currently have DHS records in his possession, but that he was in the process of requesting them.

## III. DISCUSSION

Plaintiff requests the court enter an order quashing the School District's request that she produce DHS records regarding the children. Plaintiff points out that the Iowa Code considers DHS records privileged, limits redissemination of DHS records to specific circumstances not applicable here, and imposes penalties for redisseminating DHS records except under those specific circumstances. Doc. 36, at 1-2. The School District resists plaintiff's motion. It argues that plaintiff violated Federal Rule of Civil Procedure 26(c)(1) and Local Rule 37(a) because a request for a protective order must include a certification that the movant has, in good faith, attempted to resolve any dispute and narrow the issues. Doc. 37, at 2. The School District further argues that plaintiff waived any objections by failing to timely respond to the School District's discovery

requests, citing Federal Rule of Civil Procedure 33(b)(4). Doc. 37, at 3. The School District further points out that plaintiff's objection fails to comply with Federal Rule of Civil Procedure 34(b)(2)(C), which requires that an objection must state whether any responsive materials are being withheld on the basis of the objection. *Id*. Finally, the School District argues the information is relevant because plaintiff claims, in part, that the School District violated the law by not including the grandmother as a member of the education "team," and that the DHS records may reflect whether or not the grandmother was a legal guardian or representative of the children. Doc. 37, at 3-4. The School District did not address the privileged nature of the DHS records or whether Iowa law would permit redissemination of the records, but did state it had no objection to a protective order.

This court has addressed this issue before. In *Wells v. Lamplight Farms, Inc.*, No. C13-4070-MWB, 2014 WL 4052802 (N.D. Iowa Aug. 15, 2014), the defendant sought DHS records relating to a minor child who died in a tragic accident on the ground that the records would be relevant to the plaintiff's loss of consortium claims. The court found that, unlike the physician-patient privilege, Iowa Code § 235A.15 "does not provide that a plaintiff waives confidentiality of DHS records by asserting certain claims in a civil law suit." 2014 WL 4052802, at *5. The court went on to hold that "[r]egardless of how relevant the DHS records might be, Chapter 235A renders those records confidential and permits their disclosure only under certain circumstances" enumerated in the code. *Id*.

The court reaches the same conclusion here. Iowa Code § 235A.15 limits the disclosure of DHS records to very specific circumstances, none of which apply here. There is nothing in the Iowa Code creating an exception for civil litigation. Iowa Code § 235A.17 prohibits the further dissemination of DHS records except, again, under very

specific circumstances, none of which are present here. Plaintiff has not waived the privilege attached to these DHS records by bringing suit against the School District regarding whether the School District provided appropriate education opportunities to the children.

The court also finds that the School District's request for production of the DHS records is not reasonably calculated to lead to the discovery of admissible evidence. The School District is largely speculating that the DHS records may contain information that might lead the School District to other custody or legal guardianship records which could relate to whether the children's grandmother had a right to be considered part of the education team. This is far too tenuous of a link to compel disclosure of otherwise privileged documents. This is particularly so given the nature of DHS records.

The court agrees with the School District that plaintiff's counsel did not comply with the Federal Rules of Civil Procedure in the timeliness of the objections, or in the filing of the motion for a protective order, and failed to comply with the Local Rule requiring pleadings to reflect whether parties met and conferred in a good faith attempt to resolve discovery disputes. The court has already had one hearing regarding plaintiff's failure to comply with discovery rules. The interests in protecting the privileged nature of the DHS records, and the need to comply with the Iowa Code, however, overcome plaintiff's failure to comply with discovery rules in this instance. The court cautions plaintiff's counsel, however, to strictly comply with this court's Local Rules and the Federal Rules of Civil Procedure in all aspects of this litigation. This court will strictly enforce those rules, and the next violation will likely result in sanctions.

## IV. CONCLUSION

Plaintiff's motion for a protective order is **granted**; plaintiff is not required to disclose to the School District any DHS records relating to A.H. and S.S.

**IT IS SO ORDERED** this 2nd day of June, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa